IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IMRAN AWAN,<br><br>*Defendant*. | Case No: 1:17-mj-00524-DAR |

## DEFENDANT'S MOTION TO RETURN PROPERTY

COMES NOW Defendant, Imran Awan ("Defendant" or "Mr. Awan"), through undersigned counsel, and respectfully moves this Court to release property taken from him at the time of his arrest; specifically, the United States currency in his possession. In support, Mr. Awan would state as follows:

On July 24, 2017 Mr. Awan was arrested. His arrest was based on a criminal complaint alleging bank fraud in violation of 18 U.S.C. § 1344. [Dkt. 1]. At the time of his arrest, Mr. Awan was carrying, among other items, approximately 9000 dollars in cash. This is not unusual as Mr. Awan was travelling to Pakistan to visit his family and was carrying money to spend on food and supplies for his wife and young daughters. The funds were taken by the capitol police. When Mr. Awan went to retrieve his property, he was informed that that the funds were being held and that the government would not return his money. The affidavit in support of the criminal complaint details several instances that supposedly support a finding of probable cause for charges under 18 U.S.C. § 1344. Mr. Awan does not concede that affidavit supports such a finding, but that is not entirely relevant here because the affidavit does not mention those funds in any way; it does not claim that those funds are tainted proceeds of an illegal venture, nor does the affidavit claim that those funds are evidence of a crime. What is more significant is what these funds do represent; Mr. Awan's ability to pay for counsel to vindicate his Sixth Amendment rights.

In *Luis v. United States*, 136 S. Ct. 1083 (2016), the Supreme Court made clear that the government cannot restrain assets that are not directly traceable to proceeds of a crime when doing so would impact a defendant's ability to pay for counsel of his or her choosing. In the present case, there is no allegation that the funds Mr. Awan possessed on the day he was arrested had anything to with the crime of which he is accused. Mr. Awan has a right under the Sixth Amendment to use this untainted asset in support of his defense. As the Supreme Court noted in *Luis*, when the property in question is untainted it belongs fully to the defendant. *Id*. at 1087. Mr. Awan has recently lost his job and requires the money in question to fund his defense. The government's decision not to return it, without so much as an allegation that it is proceeds of a crime, violates Mr. Awan's Sixth Amendment rights.

WHEREFORE: Mr. Awan respectfully moves this Court to issue an order returning the money he was carrying on his person when he was arrested.

Respectfully submitted,

Dated: August 2, 2017

/s/ Jesse I. Winograd
Jesse I. Winograd
DC Bar No.: 986610
Gowen Rhoades Winograd & Silva PLLC
513 Capitol Court N.E., Suite 100
Washington, D.C. 20002
Phone: (202) 380-9355
Facsimile: (202) 499-1370
E-mail: jwinograd@gowenrhoades.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that this 2nd day of August, 2017, he has caused the foregoing Motion and its accompanying Proposed Order to be served upon all counsel of record, via this Court's electronic filing system.

                                                  /s/ Jesse I. Winograd
                                                  Jesse I. Winograd